UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



───────────────────────────────

ISIAH WILLIAMS,

    Petitioner,

v.                                   20-CV-688 (JLS)

RAYMOND SHANLEY,

    Respondent.

───────────────────────────────

## DECISION AND ORDER

Petitioner Isiah Williams has a petition for a writ of habeas corpus under 28 U.S.C. § 2254 pending with this Court. He moved for issuance of a scheduling order under Rule 16 of the Federal Rules of Civil Procedure and for recusal under 28 U.S.C. § 455. Dkt. 6. For the reasons below, the Court denies Williams's motions.

## BACKGROUND

Williams submitted his Section 2254 petition on June 5, 2020. *See* Dkt. 1, at 36.[1] The Clerk of Court filed his petition on June 9, 2020. *See* Ex. A, at Dkt. 1.[2] Consistent with this district's practice in all cases involving *pro se* litigants—the Clerk of Court mailed Williams the *Pro Se* Packet, which includes a privacy notice,

---

[1] Unless otherwise noted, page references are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

[2] Appended to this decision and order as Exhibit A ("Ex. A") is a printout of the docket in this case as of August 17, 2020.

a magistrate judge consent form, and a civil case timeline. *See* Ex. A. On June 17, 2020, this Court ordered Respondent to respond to Williams's petition within 90 days of the order (*i.e.*, by September 15, 2020), and to include certain records and documents with the answer. *See* Dkt. 3, at 2. This order also directed service of Williams's petition on counsel for Respondent. *See id.* at 2-3.

On June 25, 2020, this Court entered a text order referring the case to Hon. Michael J. Roemer, United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). *See* Ex. A, at Dkt. 4. This referral, like other standard referrals, is at this Court's discretion and empowers the magistrate judge to decide all *non-dispositive* motions and matters, and to submit to this Court Reports and Recommendations regarding *dispositive* motions and matters. *See id.* This referral order "encouraged" the parties "to consider the provisions of 28 U.S.C. § 636(c) governing consent to either partial or complete disposition of the case . . . by the Magistrate Judge." *Id.*

The Court received one letter, dated June 15, 2020, from Williams, in which he asked to "be provided with those same documents [*i.e.*, the *Pro Se* Packet and case assignment information] and all further legal correspondence" at the address he provided. *See* Dkt. 2. The Court did not receive any other correspondence from Williams until he submitted this motion on August 2, 2020.[3] *See* Ex. A.

---

[3] The Clerk's office received and filed the motion on August 10, 2020. *See* Ex. A, at Dkt. 6.

2

## DISCUSSION

Williams seeks two types of relief: (1) entry of a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP 16"); and (2) recusal of the undersigned pursuant to 28 U.S.C. § 455. *See* Dkt. 6, at 1-2. Both requests are based on alleged delay in the Court's handling of Williams's Section 2254 petition and pressure to consent to a magistrate judge's disposition of his petition that Williams says he perceived. *See generally* Dkt. 6, at 7, 16-17.

### I. MOTION FOR SCHEDULING ORDER

Williams argues that the Court violated FRCP 16 by "not issuing and serving the necessary Scheduling Order management schedule to both parties in this matter as soon as practicable [to] avoid any unnecessary unreasonable delays." Dkt. 6, at 7. He states that the Court should have issued an FRCP 16 scheduling order "at least to get the reply from Respondent, and additional reply from Petitioner, and hold the necessary hearing pursuant to 28 U.S.C. § 2254[B]," and seems to suggest that an FRCP 16 scheduling order triggers the Court's review of his petition. *See id.* at 10.

FRCP 16 does not apply to habeas actions pursuant to Section 2254. The principal procedures that apply to such actions appear in the Rules Governing Section 2254 Cases in the United States District Courts (the "Section 2254 Rules"). To be sure, the Section 2254 Rules provide: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *See* Section 2254 Rules,

3

Rule 12. But the Section 2254 Rules—in particular, Rule 6—is inconsistent with FRCP 16.

FRCP 16 applies to discovery in civil cases. *See* Fed. R. Civ. P. 16(b)(3) (setting forth the contents of an FRCP 16 scheduling order, including "the timing of disclosures," the "extent of discovery," and protocol related to electronically stored information). Rule 6 of the Section 2254 Rules provides that discovery is not available as a matter of course in Section 2254 proceedings, noting that "[l]eave of Court [is] [r]equired" and that a judge "*may, for good cause,* authorize a party to conduct discovery under the Federal Rules of Civil Procedure." Section 2254 Rules, Rule 6(a) (emphasis added). When requesting permission to conduct discovery in a Section 2254 action, a party "must provide reasons for the request" and must "include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id.* at Rule 6(b). Because FRCP 16 is inconsistent with the limitation on discovery in Rule 6 of the Section 2254 Rules, it does not apply here.

Likewise, Rule 4 of the Section 2254 Rules—not FRCP 16—is the mechanism by which the Court begins reviewing a Section 2254 petition. Under that rule, the Court "must order the respondent to file an answer, motion, or other response within a fixed time." Section 2254 Rules, Rule 4. The Court issued that order on June 17, 2020. *See* Dkt. 3. That order requires Respondent to answer Williams's petition and submit any necessary records within 90 days (by September 15, 2020). *See id.* at 2. After Respondent answers the petition, Williams will have a chance to

reply. *See id.* When the Court receives those submissions, Williams's petition will be ripe for review.

Williams also mentions an evidentiary hearing. Neither Section 2254 itself nor the Section 2254 Rules provides for an evidentiary hearing as a matter of course. Rather, both the statute and the rules limit the circumstances in which evidentiary hearings are held. *See* 28 U.S.C. § 2254(e)(1) (providing that "a determination of a factual issue made by a State court shall be presumed correct," and that petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence"); *id.* § 2254(e)(2) (providing that, if petitioner does not develop the factual basis of his claim in state court, "the court shall not hold an evidentiary hearing on the claim unless" petitioner satisfies certain requirements); Section 2254 Rules, Rule 8(a) (requiring the Court to review all of the parties' submissions and records "to determine whether an evidentiary hearing is warranted"). If an evidentiary hearing were appropriate in Williams's case—which the Court expresses no opinion about at this time—that determination would occur after all submissions and records are filed, which has not yet occurred. *See* Section 2254 Rules, Rule 8(a);[4] *see also* Dkt. 3, at 2.

---

[4] The Court also notes that if an evidentiary hearing were appropriate here—again, without expressing an opinion about the need for a hearing—the referral order at Dkt. 4 properly delegates any such hearing to Judge Roemer "to conduct hearings and to file *proposed* findings of fact and *recommendations* for disposition" for this Court to consider. *See* Section 2254 Rules, Rule 8(b) (emphasis added); *see also* Ex. A, at Dkt. 4. The Court explains this referral process in further detail below.

Because FRCP 16 does not apply to Williams's Section 2254 petition,[5] and because the Court already entered the appropriate scheduling order in this case, the Court denies Williams's motion for an FRCP 16 scheduling order.

## II.   MOTION FOR RECUSAL

Williams also argues that recusal is warranted based on an appearance of impropriety / conflict of interest / bias that he claims exists because the Court did not issue an FRCP Rule 16 scheduling order and, he alleges, pressured him to consent to have a magistrate judge decide his petition. *See* Dkt. 6, at 15-18.

A judge must recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  He also must recuse:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any

---

[5] The Court recognizes that its referral text order (Dkt. 4) references an FRCP 16 scheduling order and conference and discovery, and that that language could be confusing. *See* Ex. A, at Dkt. 4. That language is standard and is used in all dispositive referral orders in civil cases. It does not alter the provisions in the rules discussed above.

6

> other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii) Is acting as a lawyer in the proceeding;
>>
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b). In addition, judges have an ethical obligation to avoid impropriety and the appearance of impropriety. *See* Code of Conduct for U.S. Judges Canon 2 (Judicial Conf. 1973, amended Mar. 2019).

First, for the reasons discussed in Section I, entry of an FRCP 16 scheduling order in this case is not appropriate. FRCP 16 scheduling orders are not entered in Section 2254 actions, so the absence of such an order here is not unique. Thus, the absence of an FRCP Rule 16 scheduling order does not reflect bias or prejudice toward Williams and is not grounds for recusal.

Second, the Court has taken no action to "coerce" Williams into consenting to have a magistrate judge decide his petition. *See* Dkt. 6, at 19. It is true that the Clerk of Court sent Williams a magistrate judge consent form at the outset of the case. *See* Ex. A. Williams received this consent form as part of the *Pro Se* Packet, which this district's Clerk of Court sends to all *pro se* litigants as a matter of course. The Clerk of Court sent Williams a *Pro Se* Packet, including another consent form, on August 11, 2020, at his request and in response to his letter dated June 15, 2020.

7

*See* Ex. A. And both Williams and Respondent were "encouraged to consider the provisions of 28 U.S.C. § 636(c) governing consent to either partial or complete disposition of the case . . . by the Magistrate Judge" when the Court entered is referral order. *See* Ex. A, at Dkt. 4. This standard language appears in all civil, dispositive referral orders this Court enters. Neither the "encouragement" language nor the consent forms were unique to Williams, and neither aimed to pressure him—or Respondent.

The Court recognizes that Williams references two letters to inform the Court that he did not consent to a magistrate judge's disposition of his case—one dated June 20, 2020, and one dated July 2, 2020. *See* Dkt. 6, at 19. The Court did not receive these letters, and was not aware of either letter until this motion was filed on August 10, 2020.[6] *See* Ex. A. Regardless, even before receiving this motion, the Court honored Williams's request; the district judge—not the magistrate judge—will issue the final decision on his petition.

Judge Roemer will, however, "hear and report upon dispositive motions for the consideration of [the undersigned]," consistent with 28 U.S.C. §§ 636(b)(1)(B) and (C). *See* Ex. A, at Dkt. 4. In other words, after the petition is fully briefed, Judge Roemer will consider all submissions and records and will submit a Report and Recommendation to the district judge, which analyzes the claims and arguments and recommends whether to grant or deny the petition. *See* 28 U.S.C.

---

[6] The Court reviewed Williams's July 2 letter, which is attached to his motion as Exhibit F, but notes that the June 20 letter was not attached to the motion. *See* Dkt. 6, at 114, 121-23.

§ 636(b)(1)(C). Within 14 days of receiving a copy of the Report and Recommendation, either party may file written objections to any proposed findings and recommendations with this Court. *See id.* This Court then will "make a *de novo* determination of those portions of the findings and recommendations" to which a party objects. *Id.* In other words, this Court will review Williams's petition and will issue its own final decision.

This Court "may designate a magistrate judge" to act pursuant to the referral process described here without consent from either party. *See* 28 U.S.C. §§ 636(b)(1)(A), (B). Indeed, the Section 2254 Rules allow such a referral. *See* Section 2254 Rules, Rule 10. By contrast, the consent forms Williams mentions allow the parties to consent to forgo the *de novo* review discussed above and, instead, have the magistrate judge's decision be the final decision in the case. The Court could not enter such an order without both parties' consent. Because there is no such consent from the parties here, the Court will not follow that process.

The Court followed standard practices here and complied with the applicable statute and rule. The procedure here, which applies to all litigants situated similarly to Williams, was not targeted toward Williams, does not indicate bias toward or prejudice against Williams, does not present a conflict of interest, and does not create an appearance of impropriety. Recusal is not called for.

Finally—though not raised by Williams—the Court will briefly address other grounds for recusal, none of which applies here. The undersigned has no personal knowledge of the parties or lawyers in this case. Nor does the undersigned have

personal knowledge of the facts raised in the petition. The undersigned had no involvement in the case before being assigned to decide Williams's petition as a lawyer, witness, or fiduciary or in any other capacity. And neither the undersigned nor his close relatives have a connection to Williams's claims, the parties or lawyers in this case, or any other aspect of this case.

Because none of the grounds for recusal listed in 28 U.S.C. § 455 applies, and because the undersigned has complied with all ethical obligations, the Court denies Williams's recusal motion. This Court notes that it takes very seriously its oath to "administer justice without respect to persons, and do equal rights to the poor and to the rich, and . . . [to] faithfully and impartially execute and perform all the duties incumbent upon [him] . . . under the Constitution and laws of the United States," and will adhere to that oath in this case, as in all other cases. *See* 28 U.S.C. § 453.

## CONCLUSION

For the above reasons, the Court DENIES Williams's motion for an FRCP 16 scheduling order and for recusal (Dkt. 6).

SO ORDERED.

Dated: August 17, 2020
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

HABEAS,CASREF,PS-C,ProSe

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00688-JLS-MJR
## Internal Use Only

Williams v. Shanley
Assigned to: Hon. John L. Sinatra, Jr.
Referred to: Hon. Michael J. Roemer
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 06/09/2020
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Isiah Williams**　　　　　　　　　　　　　　represented by **Isiah Williams**
09B1486
COXSACKIE CORRECTIONAL FACILITY
Box 999
West Coxsackie, NY 12051-0999
PRO SE

V.

**Respondent**

**Raymond Shanley**　　　　　　　　　　　　represented by **Arlene Roces and Laura Lampert (e-service only)**
Email: Arlene.Roces@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle E. Maerov**
Office of New York State Attorney General
28 Liberty Street
14th Floor
New York, NY 10005
212-416-6242
Fax: 212-416-8010
Email: Michelle.Maerov@oag.state.ny.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/09/2020 | 1 | PETITION for Writ of Habeas Corpus, filed by Isiah Williams. (BK) (Entered: 06/11/2020) |
| 06/09/2020 | | Filing fee: $5.00, receipt number ROC012260. (BK) (Entered: 06/11/2020) |
| 06/09/2020 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP |

| | | | |
|---|---|---|---|
| | | | 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. (BK) (Entered: 06/11/2020) |
| 06/09/2020 | 🔒 | | (Court only) ***Set Pro Se Flags. (BK) (Entered: 06/11/2020) |
| 06/09/2020 | | | The Pro Se Packet including: the Privacy Notice, Consent to Proceed before a Magistrate Judge and the Civil Case Timeline have been mailed to the Plaintiff. (BK) (Entered: 06/11/2020) |
| 06/17/2020 | 🔒 | | (Court only) ***Attorney Arlene Roces and Laura Lampert (e-service only) for Raymond Shanley added. (SG) (Entered: 06/19/2020) |
| 06/17/2020 | | 3 | ORDER that within 90 days of the entry of this order, Respondent shall file and serve an answer and memorandum of law; Petitioner shall have 30 days upon receipt of the answer to file a written response ; within 30 days of the date this Order is filed, Respondent may file a motion for a more definite statement or a motion to dismiss, the Clerk of Court shall serve a copy of the petition and this order via Notice of Electronic Filing to Arlene Roces and Laura Lampert of the Office of the Attorney General, Federal Habeas Unit. Signed by Hon. John L. Sinatra, Jr. on 6/17/20. (Attachments: # 1 Petition)(SG) (Entered: 06/19/2020) |
| 06/18/2020 | | 2 | Letter from Isiah Williams, dated 6/15/20, to Clerk. (Attachments: # 1 Envelope) (JHF) (Entered: 06/18/2020) |
| 06/19/2020 | | | Petitioner mailed copy of 3 Order. (SG) (Entered: 06/19/2020) |
| 06/25/2020 | | 4 | TEXT REFERRAL ORDER (DISPOSITIVE) - Hon. Michael J. Roemer, United States Magistrate Judge, is hereby designated to act in this case as follows: Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), all pre-trial matters in this case are referred to the above-named United States Magistrate Judge, including but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge. The Magistrate Judge shall also hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). All motions or applications shall be filed with the Clerk and made returnable before the Magistrate Judge. The parties are encouraged to consider the provisions of 28 U.S.C. § 636(c) governing consent to either partial or complete disposition of the case, including trial if necessary, by the Magistrate Judge. Consent forms are available from the office of the Magistrate Judge or the office of the Clerk of Court. IT IS SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 6/25/2020. (Copy mailed to Plaintiff.) (KLH) (Entered: 06/25/2020) |
| 06/29/2020 | | 5 | NOTICE of Appearance by Michelle E. Maerov on behalf of Raymond Shanley (Maerov, Michelle) (Entered: 06/29/2020) |
| 08/10/2020 | 📎 | 6 | MOTION for Recusal of Judge Sinatra, MOTION for Scheduling Order by Isiah Williams. (CGJ) (Entered: 08/11/2020) |
| 08/11/2020 | | | Pro Se Packet Re-Mailed to Plaintiff which included: Privacy Notice, Consent to Proceed Before a Magistrate Judge, Civil Case Timeline. Pursuant to 2 Letter, first mailing not received. (SG) (Entered: 08/11/2020) |