UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

ISIAH WILLIAMS,

           Petitioner,

                      REPORT, RECOMMENDATION
                      and ORDER
     -v-                   1:20-CV-0688 – JLS-MJR

RAYMOND SHANLEY,[1]

           Respondent.
_____

## INTRODUCTION

Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, Monroe County on two counts of criminal possession of a forged instrument in the second degree, and one count of scheme to defraud in the second degree. (Dkt No. 1, ¶ 5). Respondent filed an answer and response in opposition to the petition. (Dkt. No. 20).

On January 4, 2021, Petitioner moved for stay-and-abeyance of his § 2254 petition to allow him to "return to state court to file a new claim regarding new evidence and other constitutional claims in order to meet the federal exhaust[ion] requirements." (Dkt. No. 21). He also seeks permission to amend his § 2254 petition after exhausting the new claims in state court. Petitioner's new and unexhausted claims are as follows: (1) "actual innocence" claim; (2) "newly discovered evidence" claim; (3) "violation of right of self-incrimination" claim; and (4) "ineffective assistance of counsel" claim. (Id., pg. 3).

_____

[1] Respondent's filings identify him as "Raymond Shaley."

Petitioner submits that on November 21, 2020, he filed a new state court petition to vacate his judgment of conviction pursuant to New York Criminal Procedure Law §§ 440.10 and 440.30 based on his claim of actual innocence. (*Id.*, Ex. A., pgs. 21-128). To the Court's knowledge, that petition is still pending.

For the following reasons, it recommended that petitioner's motion (Dkt. No. 21) to stay the petition and hold it in abeyance pending exhaustion of the claims set forth above be granted upon the conditions set forth below.

## DISCUSSION

### STAY-AND-ABEYANCE

A petitioner may ask to stay his habeas petition and hold it in abeyance to allow him to present the unexhausted claims in state court and then return to federal court for review of his petition once he has exhausted his state court remedies, *see Rhines v. Weber*, 544 U.S. 269, 277 (2005) and *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). In *Rhines*, the United States Supreme Court directly addressed the stay-and-abeyance approach that had been utilized by a number of Circuits, including the Second, *see Zarvela*, 254 F.3d at 380-81, which allowed a district court to exercise its discretion to stay proceedings with respect to a petitioner's exhausted claims, and to dismiss without prejudice the unexhausted claims so that the petitioner could return to state court in order to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims. Assuming the petitioner complied with the conditions for the stay--*i.e.*, file exhaustion proceedings within 30 days of entry of the stay order and return to the district court within 30 days after the completion of exhaustion proceedings in state

court--, the reinstated claims could be determined to relate back to the date of the original petition for statute of limitations purposes. *Id.* at 381-82.

In *Rhines*, 544 U.S. at 277-78, the Supreme Court approved the stay-and-abeyance approach but limited its use to only those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claims in state court, that the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner engaged in "intentionally dilatory litigation."

The Supreme Court and the Second Circuit have yet to define what constitutes 'good cause' under *Rhines*. *See Murray v. Cunningham*, 19-CV-767, 2019 U.S. Dist. LEXIS 154310, at *6 (E.D.N.Y. Sept. 10, 2019).

> [T]he majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults. Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default ..., the 'good cause' has arisen from external factors, not petitioner's own decisions.

*Orta v. Rivera*, 05-CV-645S, 2006 U.S. Dist. LEXIS 67466, at *4, n. 3 (W.D.N.Y. Sep. 20, 2006) (quoting *Ramdeo v. Phillips*, 04-CV-1157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (citations omitted)). Other district courts in this Circuit have used what has been referred to as the "reasonable confusion" definition of good cause. In other words, if a petitioner can demonstrate "reasonable confusion" regarding the opportunity to further pursue his claims in state court, the court may find good cause to grant a stay. *See, e.g., Brown v. Ebert*, 05-CIV-5579, 2006 U.S. Dist. LEXIS 94265 (S.D.N.Y. Dec. 29, 2006). A lack of knowledge of the law or legal procedures will not, however, constitute good cause. *Garcia v. Laclair*, 06-CIV-10196, 2008 U.S. Dist. LEXIS 30586 (S.D.N.Y. Mar. 24, 2008)

(explaining that courts in the Second Circuit generally require a showing of external factors and holding that "even when affording Petitioner's papers a liberal construction, Petitioner provides no basis for this Court to find that he had any 'reasonable confusion' about whether he could exhaust his state claims while timely filing a federal habeas petition.") (citing *Pace v. Diguglielmo*, 544 U.S. 408 (2005)).

Initially, it is noted that there is currently no "mixed petition" – meaning one that contains both exhausted and unexhausted claims – before the Court in this matter. That alone could be a basis to deny this motion without prejudice to filing a motion to file an amended petition and new motion for a stay. *See Terry v. Conway*, 11-CV-2647, 2013 U.S. Dist. LEXIS 116441, at *6 (E.D.N.Y. Aug. 16, 2013) ("Ordinarily in this situation, courts in this circuit have required petitioner to move to amend his petition to add the unexhausted claims, and then file a new motion to stay the petition."). However, as petitioner has sought leave to amend his petition following exhaustion of his new claims, and he has provided the Court sufficient facts from which to assess the basis for his request, the Court sees considerable reason to address the substance of petitioner's motion for stay-and-abeyance at this time.

Here, the basis of petitioner's motion to stay the petition is that he did not discover evidence supporting the four unexhausted claims raised in the petition until after the conclusion of his direct appeal. New discovered evidence can at times serve as good cause for failure to exhaust a claim. *See Murray*, 2019 U.S. Dist. LEXIS 154310, at *8 (collecting cases). The Court finds that Petitioner has shown the need for a stay. Petitioner asserts that he located an alibi witness in August 2020. The alibi witness, Kenneth Miller, is alleged to be someone who could have testified as to the petitioner's whereabouts on

the dates of the criminal offenses. The petitioner submits that he could not have discovered this witness earlier because he was incarcerated and lacked funds. Petitioner has obtained affidavits from Mr. Miller, and another individual, Shanda Williams, in support of the 440.10 motion which he filed with the state trial court in November 2021. Petitioner wishes to add additional claims for habeas relief based on the discovery on this new evidence, including an actual innocence claim, ineffective assistance of counsel claim, and a Fifth Amendment self-incrimination claim.[2]

Petitioner's newly discovered evidence/actual innocence claims are unexhausted as they are currently pending in state court. If petitioner were to amend his § 2254 petition to include these claims, his petition would be subject to dismissal for failure to exhaust. *See Rhines*, at 272-73 (explaining that a Court may not adjudicate a "mixed" petition containing both exhausted and unexhausted claims). Further, if the petition was to be dismissed to allow for further exhaustion of state remedies, the one-year limitations period applicable to habeas actions would pose a problem.[3] *See* 28 U.S.C. § 2244(d)(1); *see also Rhines*, 544 U.S. at 275-276 (opining that the very purpose of the stay-and-abeyance

---

[2] The basis or bases for petitioner's new Fifth Amendment claim is not clear to the Court, as he references it both in the context of his trial counsel's "failure to protect [his] Fifth Amendment rights" in relation to the alibi witnesses (Dkt. No. 21, pg. 7), and that he was "compelled to be a witness against himself when the state prosecutor exceeded his Grand Jury subpoena powers to an out of state company, Verizon Wireless […] in violation of CPL 610.10[2] & CPL 610.30[2]" (*Id.*, pg. 6). The Court's finding of good cause to excuse petitioner's failure to exhaust these grounds is conditioned upon any new Fifth Amendment claim being directly linked to the newly discovered evidence or being justified by other good cause for failing the pursue the claim in state court previously. **Petitioner is instructed to clarify the basis for his Fifth Amendment claim in his amended petition, including how it does or does not relate to newly discovered evidence.**

[3] In *Duncan v. Walker*, 533 U.S. 167 (2001), the United States Supreme Court held that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review," within the meaning of tolling provision of 28 U.S.C. § 2244(d)(2). Accordingly, the time for filing a federal habeas petition is not tolled during the pendency of a first federal habeas petition. Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was not tolled for habeas statute of limitations reasons during the pendency of the petition herein.

procedure is to allow exhaustion without running afoul of the one-year limitations period). Thus, the Court finds that Petitioner has shown good cause for failing to previously present his unexhausted claims to the state courts.

The Court also cannot say that petitioner's claims are "plainly meritless" at this time. While the newly discovered evidence/actual innocence claim, if one is even recognized, see *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (declining to specify the standard applicable to free-standing claims of actual "innocence" claim, but noting that the threshold would be "extraordinarily high" and that the showing would have to be "truly persuasive"); see also *House v. Bell*, 547 U.S. 518, 555 (2006), may fall short of supporting a claim of actual innocence, this Court is unable to hold at this time that petitioner would not be able to establish this claim. District courts have relied on *Herrera* to hold that an actual innocence claim based on newly discovered evidence is *not* a basis for federal habeas relief absent an independent constitutional violation linked to the evidence. *See Serrano v. Royce*, 20-CIV-6660, 2021 U.S. Dist. LEXIS 76869, at *6-7 (S.D.N.Y. Apr. 21, 2021) ("A freestanding claim of actual innocence based on newly discovered evidence is not a basis for federal habeas relief."); *Ortiz v. Heath*, 10-CV-1492, 2011 U.S. Dist. LEXIS 37336, at *36-37 (E.D.N.Y. Apr. 6, 2011) (opining that claims of actual innocence are not sufficient to ground habeas relief because a habeas court is concerned not with petitioner's innocence or guilt but solely with the question of whether their constitutional rights have been preserved); *Rosario v. Ercole*, 582 F. Supp. 2d 541, 559 (S.D.N.Y. 2008), *aff'd*, 601 F.3d 118 (2d Cir. 2010) ("Neither the Supreme Court nor the Second Circuit has recognized a freestanding claim of actual innocence as a basis for habeas relief."). By contrast, as a district court recently observed:

> Although the Second Circuit has also not ruled on whether a claim of actual innocence is cognizable on habeas review, see *Friedman v. Rehal*, 618 F.3d 142, 159 (2d Cir. 2010) (citing *Osborne*, 557 U.S. at 71, and noting that whether an actual innocence claim is cognizable is an open question), it has "come close" to granting habeas relief on grounds of actual innocence, see *DiMattina v. United States*, 949 F. Supp. 2d 387, 417 (E.D.N.Y. 2013) (citing cases)."

*Thorsen v. Annucci*, 2021 U.S. Dist. LEXIS 100080, at *17, n.5 (N.D.N.Y. May 27, 2021).

Nonetheless, even assuming, *arguendo*, that actual innocence based on newly discovered evidence is not available as freestanding claim, petitioner herein has asserted a constitutional claim to independently ground his request for relief. Petitioner makes a Sixth Amendment ineffective assistance of counsel claim on the basis that his trial counsel failed to investigate the two alibi witnesses identified above. Petitioner has also asserted that counsel failed to protect his Fifth Amendment right against self-incrimination. Thus, petitioner has raised a cognizable claim for habeas relief even under a strict interpretation of the standard.

This Court finds that petitioner has presented evidence which, if taken at face value, could show that, notwithstanding the verdict at his trial, he might be innocent of the crimes for which he is in prison. "Justice requires that [petitioner] be allowed to substantiate his claim of actual innocence in the state courts where he was convicted." *Thornton v. Butler*, No. CIV-S-030755, 2007 U.S. Dist. LEXIS 92290, at *21 (E.D. Cal. December 17, 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); see also *Johnson v. Vasbinder*, No. 06-CV-13214, 2006 U.S. Dist. LEXIS 52385 (E.D. Mich. July 31, 2006) (granting stay where it appeared that the newly-discovered evidence was unavailable to Petitioner during his prior state court proceedings and that, if petitioner's newly-discovered evidence/actual innocence claim was unexhausted, the one-year

limitations period applicable to habeas actions could pose a problem if the court were to dismiss the petition to allow for further exhaustion of state remedies). Accordingly, the Court cannot say based solely on a review of the petition and motion for a stay that the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277.

Lastly, there is no evidence of intentional delay. Petitioner contends that he became aware of the alibi witness on or about August 22, 2020, after his brother saw the witness at a funeral in August 2020. Petitioner then investigated and was able to obtain affidavits from Mr. Miller and Ms. Williams to support his alibi defense. Petitioner filed his 440.10 motion on November 21, 2020 arguing new grounds for relief based on this evidence. Petitioner filed a motion for stay-and-abeyance in this court on January 4, 2021, a little more than four months after his discovery of the alleged alibi witness(es). Three concurring justices in *Rhines* would have held that this factor alone be the test for obtaining a stay. *Id.* (citing *Rhines*, 544 U.S. at 278) (Souter, J., concurring, joined by Ginsburg, J. and Breyer, J.)  Some courts have found this a "'critical component of the stay-and-abeyance analysis . . . .'" *Orta v. Rivera,* No. 05-CV-645S, 2007 U.S. Dist. LEXIS 83969, at *14 (W.D.N.Y. Nov. 13, 2007) (quotation omitted). Here, no such intentional delay is found.

Accordingly, petitioner's motion for stay-and-abeyance should be granted.

## CONCLUSION

It is recommended that petitioner's motion to stay the petition (Dkt. No. 21) be granted, subject to petitioner filing an amended petition within **30 days** of entry of this Report, Recommendation and Order, setting forth the nine grounds for relief currently stated in the petition (Dkt. No. 1, pgs. 5-31), as well as the four additional claims raised

in this motion (Dkt. No. 21, pg. 3). Additionally, immediately upon filing of the amended petition, and assuming no objections are filed to the Report, Recommendation and Order, the stay will become effective without further order of the Court or notice to the parties. Petitioner shall also advise this Court in writing of the status of said state court proceedings to exhaust his additional claims within **30 days** of entry of this Report, Recommendation and Order.

Petitioner must return to this Court within **30 days** of the completion of said state court proceedings by filing in this Court a motion to vacate the stay. If these conditions are not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered.

Within **30 days** of vacatur of the stay, respondent shall file an answer to the amended petition, which may incorporate by reference its answer to the petition and the arguments raised in his Memorandum of Law in opposition to the petition.

Further, it is ORDERED that, in light of the foregoing recommendation, petitioner's "Motion for Permission to Time-Barred Respondent for Violation of 28 USC 2254 Rule 5" (Dkt. No. 22) is **denied** without prejudice to renewal following vacatur of the stay.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil

Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

SO ORDERED.

Dated:   September 23, 2021
         Buffalo, New York

*[signature]*
MICHAEL J. ROEMER
United States Magistrate Judge