UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

————————————————————————

ISIAH WILLIAMS,

        Petitioner,

    v.                              20-CV-688 (JLS) (MJR)

RAYMOND SHANLEY,

        Respondent.

————————————————————————

## DECISION AND ORDER

*Pro se* petitioner Isiah Williams filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2254, challenging his conviction in New York State Supreme

Court, Monroe County on two counts of criminal possession of a forged instrument

in the second degree, and one count of scheme to defraud in the second degree. Dkt.

1. Respondent filed an answer and response in opposition to the petition on

December 14, 2020. Dkt. 20. Williams subsequently filed a motion for stay-and-

abeyance of his Section 2254 petition. Dkt. 21.

Before the Court is the Report and Recommendation ("R&R") issued by

United States Magistrate Judge Michael J. Roemer (Dkt. 35) recommending that

this Court grant Williams's motion to stay; Williams's motion to lift the stay (Dkt.

44); Williams's motion for an evidentiary hearing (Dkt. 45); Williams's motion to

appoint counsel (Dkt. 47); and Williams's motion for leave to proceed *in forma*

*pauperis* (Dkt. 48). Williams also filed an Amended Petition. Dkt. 39.

For the reasons below, the Court rejects the R&R and denies Williams's application for a stay and abeyance, as well as the motion to lift the stay. The Court further finds that Williams's Amended Petition—filed after the R&R was issued—contains exhausted, timely claims, and grants leave to amend as to that existing Amended Petition. The Court holds Williams's motion to appoint counsel and motion for an evidentiary hearing in abeyance until the Court addresses the merits of the Amended Petition. The Court grants the motion for leave to proceed *in form pauperis*.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court provides a brief summary of the relevant factual background and procedural history for purposes of this decision and order.

## I.   STATE COURT CONVICTIONS

Williams was first convicted in November 2009, after representing himself at trial. A New York appellate court concluded that the trial court erred in allowing Williams to act as his own counsel, reversed the conviction, and ordered a new trial. *People v. Williams*, 101 A.D.3d 1734, 957 N.Y.S.2d 548 (4th Dep't 2012).

At the June 2015 retrial, Williams—this time represented by counsel—was convicted of one count of second-degree scheme to defraud and two counts of second-degree criminal possession of a forged instrument. Dkt. 1, at 1. Williams filed an unsuccessful *pro se* appeal of that conviction. Dkt. 1, at 38-41, 72; *People v. Williams*, 163 A.D.3d 1422, 80 N.Y.S.3d 610 (4th Dep't 2018). Prior to filing this proceeding, Williams also filed four unsuccessful *pro se* motions to vacate his

2

conviction under New York Criminal Procedure Law ("CPL") § 440.10.  Dkt. 1, at 3-5.

## II.     THE ORIGINAL PETITION

On June 9, 2020, Williams commenced this proceeding and filed his *pro se* petition, which raised numerous claims alleging prosecutorial misconduct, defects in the grand jury proceeding, withholding of exculpatory information, error by the trial court regarding Williams's motion for substitute counsel, and ineffective assistance of counsel.  *See generally* Dkt. 1, at 5-31.

Respondent answered the habeas petition on December 14, 2020.  Dkt. 20. Respondent argued that the Court should dismiss the petition because, to the extent Williams's claims are reviewable and cognizable, they lack merit.  *See generally* Dkt. 20-1.  Respondent did not argue that Williams had failed to exhaust his state remedies as to any of his claims.  *See generally id.*

## III.    THE MOTION TO STAY

Williams moved for a fifth time to vacate his conviction, in papers dated November 21, 2020, and which were not received by the Monroe County District Attorney's Office until December 23, 2020.  Dkt. 21, at 15-128.

On January 4, 2021, Williams moved to stay the instant petition so that he could complete his litigation of his fifth CPL § 440 motion to vacate his conviction. *See generally* Dkt. 21.  Specifically, Williams stated that the following claims must be submitted to the state court: (1) an "Actual Innocence Claim"; (2) a newly discovered evidence claim related to alibi witness exculpatory material; (3) violation

of the right against self-incrimination claim; and (4) an ineffective assistance of counsel claim related to counsel's failures as to the above-mentioned newly discovered alibi evidence claim and violation of the right against self-incrimination claim. *Id.* at 3. Williams also requested leave to later amend the petition to add additional claims. *Id.* at 2.

## IV.    THE R&R AND SUBSEQUENT FILINGS

On September 23, 2021, Magistrate Judge Roemer issued an R&R recommending that this Court grant the motion for a stay. Dkt. 35. The R&R acknowledged that the petition was not "mixed," but found "good cause" existed for granting a stay because Williams had identified "newly discovered evidence," Williams's pending CPL § 440 claims were not plainly meritless, and there was no evidence of intentional delay. *See generally id.* The R&R provided that Petitioner should file an amended petition within thirty days of the entry of the R&R, and that, assuming no objections were filed, the stay would become effective. *Id.* at 8-9. The R&R further provided that Williams must advise the Court of the status of the state court proceedings to exhaust his additional claims, and return to this Court upon completion of those state court proceedings by filing a motion to vacate the stay. *Id.* at 9.

Respondent timely objected to the R&R's recommendation that this Court stay the petition. Dkt. 36. Williams's reply (Dkt. 38) to Respondent's objections was received by this Court on October 13, 2021—as was Williams's amended petition (Dkt. 39) and letter regarding the status of the state court proceedings

4

(Dkt. 40), consistent with the R&R's instructions.  Williams later filed a motion to lift the stay—received by this Court on May 11, 2022—indicating that he has now fully exhausted his amended claims in state court.  Dkt. 44.  Williams further filed a motion for an evidentiary hearing (Dkt. 45), a motion to appoint counsel (Dkt. 47), and a motion for leave to proceed *in forma pauperis* (Dkt. 48).

## DISCUSSION

### I. REVIEW OF THE R&R RECOMMENDING A STAY

#### A. Review of the R&R

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  As for non-dispositive matters, the district judge in the case must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).

#### B. Exhaustion

Before a federal court "can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)).  To afford the state courts the "'opportunity to pass upon and correct' alleged violations of . . . [his] federal rights[,]" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)), a habeas petitioner must "fairly

present[ ]" his claims in federal constitutional terms, such as by "cit[ing] to specific provisions of the U.S. Constitution in his state court brief[.]" *Davis v. Strack*, 270 F.3d 111, 122 (2d Cir. 2001) (citations omitted).  The requirement that "the state court have been given a reasonable opportunity to pass on the federal habeas claim is satisfied if the legal basis of the claim made in state court was the 'substantial equivalent' of that of the habeas claim." *Daye v. Att'y Gen of the State of N.Y.*, 696 F.2d 186, 192 (2d Cir. 1982) (*en banc*) (quoting *Picard*, 404 U.S. at 278).

A petitioner is not deemed to have exhausted his state remedies if he retains the right under state law to raise, by any available procedure, the federal question presented in the habeas petition.  28 U.S.C. § 2254(c).  The Supreme Court "has interpreted this as requiring petitioners to invoke 'one complete round of the State's established appellate review process,' including an application to 'a state court of last resort when that court has discretionary control over its docket.'" *Alston v. Donnelly*, 461 F. Supp. 2d 112, 120 (W.D.N.Y. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 843, 845 (1999)).

## C. Stay and Abeyance

### 1. *Rhines* and "Good Cause"

Before *Rhines v. Weber*, 544 U.S. 269 (2005), several circuit courts, including the Second Circuit, used a stay-and-abeyance approach when confronted with a "mixed petition"—that is, a 28 U.S.C. § 2254 habeas petition includes some claims that have not been properly exhausted in state court.  *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001).  In *Rhines*, the Supreme Court approved of the stay-and-

abeyance procedure employed by the Second Circuit in *Zarvela*, but stated that it "should be available only in limited circumstances" so as not to undermine the "twin purposes" of the federal habeas statute: "encouraging finality" and "streamlining federal habeas proceedings." *Rhines*, 544 U.S. at 277. Because granting a stay "effectively excuses a petitioner's failure to present his claims first to the state courts," the Supreme Court explained in *Rhines*, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277.

"Good cause," while necessary to obtain a stay, is insufficient on its own; the petitioner also must show that the unexhausted claims have potential merit. *See id.* ("[E]ven if a petitioner had good cause for th[e] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.") (citing 28 U.S.C. § 2254(b)(2)). *Rhines* places the following parameters on granting a stay-and-abeyance: (1) the petitioner demonstrates that he had "good cause" for failing to exhaust his claims in state court before bringing his federal habeas petition; (2) the unexhausted claims are "potentially meritorious" or at least not "plainly meritless;" and (3) there is no indication that the petitioner has engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

*Rhines* did not define the "good cause" requirement. *Glover v. Herbert*, 431 F. Supp. 2d 335, 337 (W.D.N.Y. 2006). To date, "[n]either the Supreme Court nor the Second Circuit has yet defined the contours of 'good cause' in the context of stay and

abeyance, and district courts in this Circuit have varied in their interpretations of the standard for 'good cause.'" *Id.* (collecting cases).  In a decision issued shortly after *Rhines*, the Supreme Court mentioned the "good cause" requirement in *dictum*, stating that "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted . . . [as a method of coping with] reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court[.]"  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

"[T]he majority" of district courts that have "addressed the issue at length have analogized the 'good cause' requirement to the requirement that a habeas petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (collecting cases).  "These courts have reasoned that 'good cause,' like 'cause' in the procedural default context, must arise 'from an objective factor external to the petitioner which cannot fairly be attributed to him or her.'" *Id.* (citations omitted).  Even in cases that "expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default," *id.* at *6 (citation omitted), "the 'good cause' has arisen from external factors, not petitioner's own decisions." *Id.* (citing *Ramchair v. Conway*, No. 04 CV 4241 (JG), 2005 WL 2786975, at *18 (E.D.N.Y. Oct. 26, 2005) (alleged ineffective assistance of counsel in post-conviction proceedings; finding that petitioner's "unexhausted claim of ineffective assistance of appellate counsel to be meritorious" and that petitioner had "good cause" for not having raised

8

it as there was "no reason to expect [him] to understand that his appellate counsel should have complained about the failure to grant the mistrial, not the failure to allow [a witness] to testify"), *adhered to*, 671 F. Supp. 2d 371 (E.D.N.Y. 2009)).

A few courts have relied on the Supreme Court's *dictum* in *Pace* to define "good cause" even more expansively, such that it need not be based on something external to the petitioner. *See, e.g., Whitley v. Ercole*, 509 F. Supp. 2d 410, 419 (S.D.N.Y. 2007) ("hold[ing] that a petitioner's showing of his confusion, if reasonable, concerning the delay in his state filing would satisfy the *Rhines* requirement of 'good cause'").

## 2.  When Courts Have Discretion for a Stay under *Rhines*

The stay and abeyance procedure set forth in *Rhines* is applicable when the Court is presented with a "mixed" petition—when the petition is comprised of both exhausted and unexhausted claims.  Neither the Supreme Court nor the Second Circuit has addressed whether the standards set forth in *Rhines* also apply when a petitioner asks a district court to stay a petition that contains solely exhausted claims in order to allow the petition to pursue and exhaust new claims in state proceedings. *Madrid v. Ercole*, No. 08-CV-4397 ENV CLP, 2012 WL 6061004, at *1 (E.D.N.Y. Dec. 6, 2012).

In circumstances where a petitioner seeks to file an amended, "mixed" petition—but no "mixed" amended petition has actually been filed—courts in this circuit have frequently agreed that the stay and abeyance approach is not available. *See, e.g., McCray v. Griffin*, No. 16-CV-694-LJV(HKS), 2021 WL 4437169, at *2

(W.D.N.Y. Sept. 28, 2021) ("An abeyance such as this is only available in habeas proceedings involving 'mixed petitions.'"); *Clancy v. Phillips*, 04CV4343KMK, 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here.  The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time."); *James v. Keyser*, No. 120CV03468JPCSDA, 2020 WL 7496474, at *2 (S.D.N.Y. Dec. 21, 2020) ("This discretion is limited, however, to circumstances where the Court is presented with a 'mixed' petition seeking habeas corpus relief . . .  A stay is unwarranted in circumstances where a petition does not include unexhausted claims.") (citations omitted).  *Cf. Jeffrey v. Capra*, No. 20-CV-232 (RPK), 2020 WL 4719629, at *2 (E.D.N.Y. Aug. 12, 2020) ("The Second Circuit has not yet determined whether a litigant can make use of stay-and-abeyance procedures in circumstances like these").  Accordingly, courts frequently consider a motion to stay filed in these circumstances premature and require a petitioner to seek leave to amend to add the new claim before applying *Rhines*.  *See Bethea v. Walsh*, No. 09-CV-5037 (NGG), 2010 WL 2265207, at *1 (E.D.N.Y. June 2, 2010); *Spells v. Lee*, No. 11-CV-1680 KAM, 2011 WL 2532907, at *1 (E.D.N.Y. June 23, 2011); *Milton v. Racette*, 91 F. Supp. 3d 454, 455 (W.D.N.Y. 2015); *Inoa v. Smith*, No. 16CV2708VECJLC, 2018 WL 4109102, at *2 (S.D.N.Y. Aug. 29, 2018).

**D. The R&R's Recommendation that a Stay Be Granted**

Upon review of the R&R,[1] this Court disagrees with the R&R's recommendation that Williams's motion for a stay be granted for two reasons: (1) Williams's petition was not mixed and, therefore, the motion for a stay was premature; (2) Williams has not met the requirements in *Rhines* for a stay and abeyance.

Here, as the R&R acknowledged, the operative petition contains exhausted claims only and is therefore not a "mixed" petition. *McCray*, 2021 WL 4437169, at

---

[1] Courts in in this Circuit have varied on whether motions for a stay and abeyance, as well as motions to amend, are treated as nondispositive or dispositive motions. *Compare Mitchell v. Superintendent*, No. 20-CV-1189JLS(F), 2022 WL 856752, at *1 (W.D.N.Y. Mar. 23, 2022) (treating petitioner's motion to stay and hold the petition in abeyance as non-dispositive), *and Chase v. LaManna*, No. 19-CV-00617V(F), 2021 WL 3485771 (W.D.N.Y. Aug. 9, 2021) (same), *with McNeil v. Capra*, No. 13-CV-3048 RA, 2015 WL 4719697, at *3 (S.D.N.Y. Aug. 7, 2015) (applying the less deferential *de novo* standard of review given that the statue of limitations has expired and the new claim was not independently timely). While motions to amend and for a stay are generally treated as nondispositive in the civil context, this Court acknowledges that, in many habeas cases, a decision on a motion or a stay and abeyance will be dispositive—that is, because of the AEDPA's limitations period, a petitioner may be barred from federal review of some claims by the time he or she exhausts them. *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1171-72 (9th Cir. 2015) (concluding that a motion to stay and abey Section 2254 proceedings is generally, but not always, dispositive of unexhausted claims). In recommending that the motion for a stay be granted, the R&R appears to treat the motion for a stay as dispositive. *See generally* Dkt. 35. But given the procedural history of this case, as discussed below, Williams ultimately was not precluded from exhausting his "new" claims before the limitations period expired. This Court need not decide if the motion is dispositive or nondispositive in this case, as this Court concludes that under either standard of review, a stay is not appropriate. *See Boykins v. Superintendent Auburn Corr. Facility*, No. 12-CV-548S, 2015 WL 3604030, at *1 (W.D.N.Y. June 5, 2015) (acknowledging that a motion to stay a proceeding may be dispositive where denial of the motion would render the new claims subject to dismissal for failure to exhaust, and ultimately affirming a magistrate judge's denial of a motion to stay even under a *de novo* standard of review).

*2. Without a formal motion seeking leave to amend,[2] Williams's motion for a stay is premature. *Bethea*, 2010 WL 2265207, at *1; *Spells*, 2011 WL 2532907, at *1; *Milton*, 91 F. Supp. 3d at 455. Based on this procedural posture alone, a stay and abeyance is not appropriate, and the Court declines to adopt the R&R's recommendation to grant a stay.

Even if the petition were mixed, this Court is unconvinced that Williams has established "good cause" under either the "reasonable confusion" or "external factor" standard.

First, it is clear that Williams is not reasonably confused as to the exhaustion of his claims. Williams's motion for a stay is lengthy and discusses in great detail the procedural history of his case. *See generally* Dkt. 21. The basis of the motion or a stay is so that Williams can file his *fifth* motion to vacate in state court to exhaust his additional claims regarding "new exculpatory evidence." *Id.* Based on his submissions and his history of litigating his convictions in state court, William cannot suggest that any "reasonable confusion" about exhaustion of his claims should establish good cause. *Holguin v. Lee*, No. 13 CIV. 1492 LGS JLC, 2013 WL 3344070, at *3 (S.D.N.Y. July 3, 2013) (petitioner cannot plausibly allege reasonable confusion when he explicitly states in his motion that he is seeking a stay of his

---

[2] The Court recognizes that Williams's stay motion requested that he be granted leave to amend the petition—but the request is for *after* his "return to Federal Court" and exhaustion of his other claims in state court. Dkt. 21, at 10. The Court will address this issue below.

habeas petition so that he can exhaust his unexhausted claims in New York state court).

Next, to the extent that Williams argues that he was unable to secure these affidavits because of the "external factor" of his incarceration, this is insufficient for a showing of "good cause." *Jeffrey*, 2020 WL 4719629, at *2 ("But simply being incarcerated and being indigent are not the type of external impediments that courts have recognized as good cause for failure to seek timely collateral review."); *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017) (collecting cases illustrating that "ordinary badges of incarceration" do not constitute good cause).

The Court is left only with Williams's assertion—which the R&R credits— that he could not have earlier obtained affidavits from his wife and cousin before filing a fifth motion to vacate.  Respondent argues that this assertion is not supported by the facts.  This Court agrees with Respondent.

"Newly discovered evidence" may at times serve as good cause for failure to exhaust state remedies—but "only when litigants demonstrate that they could not have located the evidence at an earlier time with the exercise of due diligence." *Jeffrey*, 2020 WL 4719629, at *3 (citations omitted).   Williams has failed to provide a credible explanation as to why he was unable to contact his cousin to testify or provide an affidavit, or otherwise raise the issue, in the past twelve-plus years. Assuming the truth of Williams's claims regarding his cousin and the value of the potential alibi, then Williams would have known for over a decade that his cousin could provide an alibi, but did not try to secure an affidavit that would support that

13

alibi before 2020. This lack of due diligence does not meet the criteria for "good cause."

As for the other "newly discovered evidence," the R&R failed to make any findings of good cause regarding the affidavit from Shanda Williams and other claims Williams wishes to include in an amended petition. For that reason, this Court disagrees with the R&R's finding of "good cause".

Moreover, the Court further notes that Williams's claim that he could not discover this evidence with due diligence lacks credibility because Shanda Williams previously provided an affidavit in connection with Williams's fourth motion to vacate. As noted by Respondent, *see* Dkt. 36-1, at 4, there is no reason that Shanda Williams's previous affidavit could not have included information regarding Kenneth Miller.

The Court need not review the other parts of the *Rhines* test. For all of these reasons, a stay is not appropriate, and the motion for a stay (Dkt. 21) is denied.

## II.   WILLIAMS'S AMENDED HABEAS PETITION

### A. Standard for Amendment

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts "permits application of the Federal Rules of Civil Procedure in habeas cases 'to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules.'" *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (citing Fed. Rule Civ. Proc. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus."); 28 U.S.C. § 2242 (providing habeas

applications "may be amended . . . as provided in the rules of procedure applicable to civil actions")); *see also, e.g., Littlejohn v. Artuz,* 271 F.3d 360, 363 (2d Cir. 2001) ("Given that motions to amend are not successive habeas petitions, the standard for granting or denying a motion to amend is thus governed by Federal Rule of Civil Procedure 15(a)."). Once a responsive pleading has been served, the party seeking to amend must obtain consent of the opposing party or leave of the Court. *See* Fed. R. Civ. P. 15(a).

In general, "leave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and a *pro se* litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Lear v. Poole,* 711 F. Supp. 2d 288, 292 (W.D.N.Y. 2010) (quoting *Dluhos v. Floating & Abandoned Vessel known as "New York",* 162 F.3d 63, 69-70 (2d Cir. 1998) (further quotation omitted in original)). In the absence of "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962) (quotation omitted). Nonetheless, "'[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" *Lucente v. International Bus. Mach. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002) (quotation omitted).

Amendments made "after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2); first alteration in original); *see also Peralta v. Connelly*, No. 06 CIV. 5360 DAB MHD, 2008 WL 8050791, at *7-8 (S.D.N.Y. Apr. 18, 2008) (After finding that "the petition itself is timely[,]" "[t]he remaining questions are (1) whether the proposed amendment is independently timely and (2) if not, whether it relates back to the original, timely petition and is therefore itself timely"), *report and recommendation adopted*, No. 06 CIV. 5360 DAB, 2010 WL 3219326 (S.D.N.Y. Aug. 11, 2010).

## B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains a one-year statute of limitations that begins to run upon the latest of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

16

28 U.S.C. § 2244(d)(1).

In the vast majority of Section 2254 cases, including this one, the relevant occurrence is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).

A state conviction becomes "final" when the United States Supreme Court denies an application for a writ of *certiorari* or when the time to seek *certiorari* has expired, which is 90 days following the date on which direct review by the state's highest court is complete.  *See Gonzalez*, 565 U.S. at 150 ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for *certiorari*.  For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."); U.S. Sup. Ct. R. 13(1).

The AEDPA contains a tolling provision providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2); *see also, e.g., Smith v. McGinnis,* 208 F.3d 13, 16 (2d Cir. 2000).  *King v. Lee,* No. 11-CV-0213 MAT, 2012 WL 1038562, at *2 (W.D.N.Y. Mar. 27, 2012).

## C. Williams's Amended Petition is Timely

The Appellate Division, Fourth Department issued a decision affirming

Williams's conviction on July 6, 2018. Dkt. 1, at 2, 38-40. The New York Court of

Appeals denied permission to appeal on October 15, 2018. *Id.* at 72. Because

Williams did not file a petition for certiori seeking review of the New York state

court decisions in the United States Supreme Court, his conviction became final 90

days later, on January 14, 2019.

Section 2244(d)(2)'s tolling applies only if a state post-conviction motion was

pending during the one-year limitations period.[3] *King*, 2012 WL 1038562, at *2

(citing *Smith*, 208 F.3d at 16). Williams's first two motions to vacate under C.P.L. §

440.10 were denied on April 1, 2016 and on November 8, 2018, respectively. Dkt. 1,

at 124. Leave to appeal the denial of the second motion was denied on January 8,

2019[4]—before Williams's conviction had become final according to Section

---

[3] An application is "'pending' from the time it is first filed." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999). "Because the application 'is pending' on the day it is filed, that day 'shall not be counted' toward the limitations period." *Chrysler v. Guiney*, 14 F. Supp. 3d 418, 443 (S.D.N.Y. 2014) (quoting 28 U.S.C. § 2244(d)(2)). "[A] motion ceases to be 'pending' ... on the date of filing." *Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009). So, the date on which a state court issues a final judgment resolving a post-conviction motion is excluded from the counting of the limitations period. *Chrysler*, 14 F. Supp. 3d at 443 (citations omitted).

[4] Under New York law, a petitioner may seek leave to appeal a trial court's denial of a C.P.L. § 440.10 motion to the Appellate Division under C.P.L. § 450.15(1). *Klein v. Harris*, 667 F.2d 274, 283 (2d Cir. 1981), *overruled on other grounds*, *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 195 (2d Cir. 1982) (*en banc*). However, if a justice of the Appellate Division denies a certificate for leave to appeal pursuant to C.P.L. § 460.15, a petitioner may not appeal to the New York Court of Appeals. *See id.* at 283-84 ("[N]o appeal to the New York Court of Appeals lies from an order denying a motion for leave to appeal to the Appellate Division.") (citing *People v.*

2244(d)(1)(A). *Id.* at 126. Therefore, Williams's first two motions to vacate did not provide any statutory tolling under 28 U.S.C. § 2244(d)(2). Williams is, however, entitled to statutory tolling under Section 2244(d)(2) as a result of his other three motions, as set forth below.

Williams's third motion was filed on February 14, 2019 and denied on April 1, 2019, with leave to appeal denied on May 30, 2019. Dkt, 1, at 4, 129-31, 133. Accordingly, the statute of limitations was tolled from February 14, 2019—the date Williams filed the third motion to vacate—to May 30, 2019—the date leave to appeal was denied.

Williams's fourth motion was filed on August 9, 2019 and denied on November 15, 2019, with leave to appeal denied on May 11, 2020. Dkt, 1, at 4-5, 136-141, 144. Accordingly, the statute of limitations was tolled from August 9, 2019 to May 11, 2020.

Williams's fifth motion was filed on November 21, 2020, denied on December 2, 2021, and leave to appeal was denied on April 25, 2022. Dkt. 21, at 16-17; Dkt. 44, at 79-83, 89. Accordingly, the statute of limitations was tolled from November 21, 2020 to April 25, 2022.

Based on Williams's motions, the statute of limitations ran as follows:

- from January 14, 2019, up to and including February 13, 2019, for a total of thirty-one days;

---

*Williams*, 342 N.Y.S.2d 75, 76 (2d Dep't 1973). Once the Appellate Division denies leave to appeal the denial of a C.P.L. § 440.10 motion, the petitioner has "reached the end of the road within the state system." *Id.* at 284 (quotation omitted).

19

- from May 31, 2019, up to and including August 8, 2019, for a total of seventy days;

- from May 12, 2020, up to and including November 20, 2020, for a total of one hundred ninety three days;

- and from April 26, 2022 onwards.

In accordance with the prison mailbox rule,[5] Williams's amended petition was filed on September 30, 2021. Dkt. 39. At that time, approximately two hundred and ninety-four days (31 + 70 + 193) days had elapsed—meaning that Williams's amended petition was filed before the statute of limitations had expired. Accordingly his proposed new claims are independently timely, and the Court need not consider whether they "relate back" to the original petition.

## D. The Amended Petition Contains Exhausted Claims

As is required for an amended pleading,[6] Williams's Amended Petition contains all of his prior grounds, plus the additional claims he wishes to add: actual

---

[5] The Second Circuit applies the prison mailbox rule "to fix the date on which a federal habeas petition is filed." *Fernandez v. Artuz*, 402 F.3d 111, 113-14 (2d Cir. 2005) (citing *Adeline v. Stinson*, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (*per curiam*) ("When a prisoner is proceeding *pro se* . . . , federal courts generally consider his or her petition for habeas corpus to have been filed as of the date it was given to prison officials for forwarding to the court clerk.")). When applying the prison mailbox rule, the Second Circuit has "never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (collecting cases).

[6] "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665,

innocence, newly discovered evidence, violation of right of self-incrimination, and ineffective assistance of counsel. *See generally* Dkt. 39, at 1-44.

Respondent did not dispute that the claims contained in Williams's original petition were properly exhausted at the time of filing. *See generally* Dkt. 20-1. At the time of Williams's motion for a stay and the R&R was issued, the additional claims in the Amended Petition were not yet exhausted. During the pendency of the motions, however, Williams filed a C.P.L. § 440.10 motion covering these claims, and completed a complete round of New York's appellate review process for those newly-added grounds. Accordingly, he has satisfied the exhaustion requirement as to both the claims in his original petition and in the Amended Petition.

### E. The Court Will Permit Williams to Proceed with the Amended Petition

Williams's motion for a stay included a request that he be permitted to amend the petition after his "return to Federal Court" and exhaustion of his other claims in state court. Dkt. 21, at 10. Liberally construing this as a motion for leave to amend, the Court first notes that Williams did not separately file a motion for leave to amend, nor did he attach a copy of the proposed amended petition as required. Failing to do so is a proper basis for denying leave to amend. *See Mitchell v. Superintendent*, No. 20-CV-1189JLS(F), 2022 WL 856752, at *2 (W.D.N.Y. Mar. 23, 2022) ("Nevertheless, a district court may properly deny leave where, as here, the petitioner fails to attach a copy of the proposed amended petition such that it is

668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

not possible to discern what amendments are proposed."); *McCray*, 2021 WL 4437169, at * 2-3 (denying habeas petitioner's motion to amend where proposed amended petition was not provided).

The Court is presented with a motion for a stay that includes a request for leave to amend, and an amended petition—containing timely, newly exhausted claims—filed shortly after the issuance of, and at the direction of, the R&R. In light of this peculiar procedural history and, in keeping with the liberal amendment policy reflected in Fed. R. Civ. P. 15(a), the Court will allow amendment of the petition to add the timely, exhausted claims. *Davis v. Graham*, No. 16-CV-275-FPG, 2018 WL 3996424, at *3 (W.D.N.Y. Aug. 21, 2018).[7] The Court will permit Respondent to supplement any opposition to the amended petition. *Theard v. Artus*, No. 09 CV 5702 NGG LB, 2011 WL 4056054, at *2-3 (E.D.N.Y. Sept. 1, 2011).

## III.   WILLIAMS'S REMAINING MOTIONS

Williams filed additional motions, including a motion for an evidentiary hearing (Dkt. 45), a motion to appoint counsel (Dkt. 47), and a motion for leave to proceed *in forma pauperis* (Dkt. 48), as well as a memorandum in support of the motions (Dkt. 49). The Court defers decision on the first two of these motions and will address them upon review of the Amended Petition and any opposition filed by Respondent. The Court grants the motion for leave to proceed *in forma pauperis* (Dkt. 48).

---

[7] In granting leave to amend in this unusual procedural situation, the Court does not make any determination as to the merits of Williams's claims at this time.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court **REJECTS** the R&R (Dkt. 35); **DENIES** Williams's motion (Dkt. 21) to the extent it requests a stay and abeyance of his petition; **GRANTS** the motion to the extent it requests leave to amend; **DENIES** Williams's motion to lift the stay (Dkt. 44); and **GRANTS** Williams's motion to proceed *in forma pauperis* (Dkt. 48).

It is **HEREBY ORDERED** that Respondent shall answer or otherwise respond to the Amended Petition within **60 days** of the date of this order; and it is further

**ORDERED** that Williams shall file a written reply within **30 days** of receiving Respondent's answer or other submission; and it is further

**ORDERED** that the Court will hold Williams's motion for an evidentiary hearing (Dkt. 48) and motion to appoint counsel (Dkt. 47) in abeyance until written submissions are complete.

Dated:          December 12, 2022
                Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE